Filed 11/30/20  P. v. Burnett CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058563 |
| v. | (Super. Ct. No. C-94692) |
| ALLEN DEAN BURNETT II, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Reversed.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Allen Dean Burnett II, appeals from a postjudgment order after the trial court denied his petition pursuant to Penal Code[1] section 1170.95, which the Legislature enacted in Senate Bill No. 1437 (S.B. 1437). Burnett argues the trial court erred by concluding S.B. 1437 was unconstitutional because it impermissibly amended two voter initiatives. We agree and reverse the order.

## FACTS

In 1994, a jury convicted Burnett of first degree murder (§ 187, subd. (a)), second degree robbery (§§ 211), kidnapping (§ 207, subd (a)), kidnapping for robbery (§ 209, subd. (b)), and several special circumstances. The trial court sentenced Burnett to life without possibility of parole. We affirmed the judgment. (*People v. Burnett* (Sept. 17, 1996, G016443) [nonpub. opn.].)

In 2019, Burnett filed a section 1170.95 petition to vacate his murder conviction and be resentenced. The Orange County District Attorney filed an opposition and Burnett filed a reply brief. The trial court denied the petition, concluding S.B. 1437 (Stats. 2018, ch. 1015, §§ 2-4), was unconstitutional because it impermissibly amended Propositions 7 and 115.

## DISCUSSION

"Legislation unconstitutionally amends an initiative statute if it changes that statute ""by adding or taking from it some particular provision."" [Citations.] Legislation may address the same subject matter as an initiative, and may even augment the provisions of an initiative, without amending it. The key to our analysis is determining "'whether [the legislation] prohibits what the initiative authorizes, or authorizes what the initiative prohibits.'" [Citation.]" (*People v. Solis* (2020) 46 Cal.App.5th 762, 769 (*Solis*).) Although our review is de novo, we presume the Legislature acted within its authority. (*Id*. at p. 771.)

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

An actual killer may be convicted of murder.  (*People v. Cruz* (2020) 46 Cal.App.5th 740, 751 (*Cruz*).)  Additionally, an accomplice of the actual killer can be convicted of murder pursuant to vicarious liability theories, including the natural and probable consequences doctrine and the felony-murder rule.  (*Id*. at pp. 751-752.)  Under both theories, the accomplice's intent to kill is irrelevant.  (*Id*. at p. 752.)

In 1978, the electorate adopted Proposition 7 (Prop. 7, as approved by voters, Gen. Elec. (Nov. 7, 1978)), which increased the penalties for first and second degree murder and strengthened California's death penalty law.  (*Solis, supra,* 46 Cal.App.5th at pp. 772-773.)  Twelve years later, in 1990, the electorate adopted Proposition 115 (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990)), which as relevant here, added five felonies to the list of felonies for the felony-murder rule and revised the scope of capital liability.  (*Solis, supra,* 46 Cal.App.5th at p. 773.)

In 2018, S.B. 1437 amended the natural and probable consequences doctrine and the felony-murder rule to ensure "'[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea.'  [Citation.]"  (*Cruz, supra,* 46 Cal.App.5th at p. 752.)  S.B. 1437 amended sections 188 and 189.  Specifically, section 188, subdivision (a)(3), now states that "to be convicted of murder, a principal in a crime shall act with malice aforethought[]" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."  Section 189 now provides that a person can only be found guilty of murder if that person (1) was the actual killer, or (2) aided, abetted, or otherwise assisted the actual killer and had the intent to kill, or (3) was a major participant in an underlying felony and acted with reckless indifference to human life.  (§ 189, subd. (e).)

Additionally, S.B. 1437 added section 1170.95, which allows defendants previously convicted of murder under a natural and probable consequences or felony murder theory to petition the trial court to vacate their murder convictions.  Section 1170.95 also allows for resentencing if defendants could not be convicted of murder now

based on the amendments to sections 188 and 189.  The court reviews the petition and if it determines the petitioner made a prima facie showing he or she is entitled to relief, the court must issue an order to show cause.  (§ 1170.95, subd. (c).)  The court next holds a hearing to determine whether to vacate the petitioner's murder conviction and resentence the petitioner.  (§ 1170.95, subd. (d)(1).)  If the court determines the petitioner is entitled to relief, his or her murder conviction "shall be redesignated as the target offense or underlying felony for resentencing purposes."  (§ 1170.95, subd. (e).)

Burnett contends S.B. 1437 did not amend Propositions 7 and 115.  All published opinions addressing this issue, from appellate courts throughout the state, have concluded that S.B. 1437 did not unconstitutionally amend either initiative.[2]  This long list of cases includes two published opinions from this court (*Solis, supra,* 46 Cal.App.5th at p. 769; *Cruz, supra,* 46 Cal.App.5th at p. 747).  We find the reasoning in these cases persuasive and follow them here.  In light of the district attorney's decision not to file a respondent's brief, and the growing body of comprehensive case authority analyzing the arguments raised, we need not belabor the contentions asserted in this appeal.  Consistent with the decisions of the preceding cases, we conclude S.B. 1437 did not unconstitutionally amend Proposition 7 or Proposition 115.  (*Solis, supra,* 46 Cal.App.5th at pp. 779, 781; *Cruz, supra,* 46 Cal.App.5th at pp. 747, 754, 757-760.)  Thus, the trial court erred by concluding S.B. 1437 was unconstitutional and denying the petition.

---

[2]      Published opinions include *People v. Lippert* (2020) 53 Cal.App.5th 304, *People v. Lopez* (2020) 51 Cal.App.5th 589, *People v. Alaybue* (2020) 51 Cal.App.5th 207, *People v. Johns* (2020) 50 Cal.App.5th 46, and *People v. Bucio* (2020) 48 Cal.App.5th 300.  Previously, Division One of this court in *People v. Lamoureux* (2019) 42 Cal.App.5th 241, review denied February 19, 2020, S259835, and *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, review denied February 19, 2020, S259700, concluded S.B. 1437 did not invalidly amend Proposition 7 and/or Proposition 115.

DISPOSITION

The postjudgment order is reversed and the matter is remanded for further proceedings on the merits of Burnett's petition.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


THOMPSON, J.